WATFORD, Circuit Judge,
concurring:
I have grave doubts about whether the State has convicted the right person in this case. Those doubts stem from the fact that it would have been virtually impossible for the defendant to commit the crime and eliminate all traces of her involvement even if she had arrived home at 1:20 a.m., as the State contends, rather than around 2:00 a.m., as the defendant testified at trial. I am also troubled by the fact that the only witness who placed the defendant at home as early as 1:20 a.m. never actually testified at trial. This witness’s testimony was so critical — and the State’s case so thin — that the trial judge said he would not even have allowed the case to go to the jury without it. Yet the jury was left to assess the credibility of this witness based on a cold preliminary hearing transcript, rather than all the subtle and intangible factors juries take into account when they evaluate live testimony, because the witness died before trial commenced.
Despite these misgivings, I join the court’s disposition. As the court notes, one of the inevitable consequences of the doubly deferential standard of review we must apply under AEDPA “is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold.” Cavazos v. Smith, — U.S.-, 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011) (per curiam).